UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL OLSON,                                          Case No.

    Plaintiff,                                       Hon.

v.

SMITH CASTINGS, LLC,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Daniel Olson ("Plaintiff"), by and through his attorneys, NACHTLAW, P.C., hereby allege as follows:

## INTRODUCTION

1.    This is a civil action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant Smith Castings, LLC's ("Defendant").

2. Plaintiff's claims arise out of Defendant's misclassification of Plaintiff as an employee that is exempt from overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## PARTIES AND JURISDICTION

3. Plaintiff is an individual residing in Kingsford, Michigan, which is located in Dickinson County.

4. Defendant is a company with its registered business address in Kingsford, Michigan, which is located in Dickinson County.

5. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

6. Venue is proper in this Court because Defendant's registered business address is located within the Western District of Michigan.

## GENERAL ALLEGATIONS

7. Defendant is a for-profit U.S. based company that operates a full-service metal fabrication business in Michigan.

8. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a "Facilities Manager" and designated as exempt from overtime work.

9. However, within the first month of his hiring, Plaintiff was essentially converted into a laborer and stripped of his managerial responsibilities.

10. Plaintiff only "managed" one single full-time employee.

11. Plaintiff lacked authority to discipline or fire employees.

12. Plaintiff lacked authority to make final hiring decisions.

13. The work performed by Plaintiff renders him non-exempt from the overtime pay requirements of the FLSA.

14. Plaintiff consistently and regularly worked more than forty (40) hours per week but was not compensated for his overtime work by Defendant.

15. Plaintiff estimates having performed at least 1000 hours of overtime work between his January 2020 hiring and his voluntary resignation on May 4, 2021.

16. Plaintiff worked diligently for Defendant outside of normal business hours, including working after hours to complete PLC programming, researching suitable replacements for obsolete parts and equipment, purchasing parts, completing emergent repairs to allow continued operations, addressing call-ins before and after normal business hours for production problems; working on weekends to perform cleaning, conducting repairs, attending to shop and lift vehicle issues, and performing cooling system and grounds maintenance.

17. Plaintiff monitored and responded to emails at night and on weekends.

18. Plaintiff occasionally had to forego lunch breaks to complete tasks in a timely manner.

19. Plaintiff traveled to purchase tools, supplies and equipment in order to maintain operations.

20. As a result of Defendant misclassifying Plaintiff as an exempt employee, Plaintiff was unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

22. At all times relevant to this Complaint, Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

23. At all times relevant to this Complaint, Defendant was Plaintiff's employer within the meaning of the FLSA.

24. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

25. Defendant violated the FLSA when it misclassified Plaintiff as exempt from overtime and failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) per week.

26. Defendant's conduct in this regard was a willful violation of the FLSA.

27. As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial. He is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims as follows:

a. An award of unpaid overtime wages under the FLSA.

b. An award of liquidated damages under the FLSA.

c. Interest;

d. Attorneys' fees and costs under the FLSA; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,
NACHTLAW, P.C.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: June 18, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL OLSON,                                              Case No.

    Plaintiffs,                                          Hon.

v.

SMITH CASTINGS, LLC,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Daniel Olson, by and through his attorneys, NachtLaw, P.C., hereby demand a jury trial in the above-captioned matter for all issues so triable.

                                        Respectfully Submitted,

                                        NACHTLAW, P.C.

                                        /s/ *Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
                                        Attorneys for Plaintiff
                                        101 N. Main Street, Suite 555
                                        Ann Arbor, MI 48104
                                        (734) 663-7550

Dated: June 18, 2021